FILED
SUPERIOR COURT
OF GUAM

2014 JUN 20 AM 8: 15

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM
## SMALL CLAIMS DIVISION

| | | |
|---|---|---|
| LYNN CAWOOD, | ) | Small Claims Case No. SD6149-14 |
| | ) | |
| Plaintiff, | ) | **DECISION AND ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| LIN'S JEWELRY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter came regularly before the Court for trial on May 23, 2014. Plaintiff Lynn Cawood was represented by Gerald E. Gray, Esq.. Defendant Lin's Jewelry was represented by Jacques G. Bronze, Esq.. After consideration of the evidence and arguments presented by the parties, the Court took the matter under advisement and hereby issues its decision and order.

## BACKGROUND

On February 22, 2014, Plaintiff Lynn Cawood brought her wedding ring, which she had for many years, to Defendant Lin's Jewelry for a new head prong and for cleaning and polishing. A deposit/invoice was prepared indicating the services to be provided, the costs of the services, and an acknowledgement that the fee of $119.00 had been paid. This deposit/invoice also included the following language affixed by a stamp which read:

ALL REPAIRS HAVE NO GUARANTY & NO WARRANTY
WE WILL NOT BE LIABLE FOR ANY ITEM VALUE OVER $100.00
WE WILL NOT BE RESPONSIBLE FOR ITEMS LEFT OVER 90 DAYS

When the Plaintiff picked up her ring, she found that the ring was unrecognizable as her wedding ring in that the color was different and that a pattern that was on the ring had been removed.

On March 27, 2014, Plaintiff filed the instant action in small claims seeking the recovery of $4,000.00 and alleging that the ring has a monetary value of that amount and has great sentimental value to her. The Defendant answered by admitting that the Plaintiff brought her ring of 30 plus years to Defendant to be cleaned and polished but denied the remaining allegations. Defendant also asserted, *inter alia*, that the Plaintiff's claims were barred by virtue of the limitations contained in the deposit/invoice pertaining to the fact that all repairs have no guaranty and no warranty and that the Defendant will not be liable for any item of value over $100.00. Additionally, because of the age of the ring the design pattern was already faded; that there was never an agreement to match the color of the Plaintiff's husband's wedding ring as it was already been substantially faded; and that the $4,000.00 claim of damages bears no rational/proportional relation to the actual damages suffered by the Plaintiff.

At trial, Plaintiff produced a statement that was written by Defendant's employee, Orlando Caasi, dated February 24, 2014, and which stated:

> I, Orlando Caasi received a complain (sic) from Lynn Cawood regarding on her 2 piece yellow ring. Her wedding ban was polish but the gold-smith (Rudy) polished the ban to (sic) smooth to the point the design was removed.

Defendant did not deny that Mr. Caasi and the gold-smith identified as "Rudy" were its employees. Plaintiff testified that she had purchased the wedding ring from a vendor in Hawaii for around $3,000.00 but was unable to produce a receipt. She further testified to the sentimental value of the ring to her and that it looks like a different ring because of the color and the removal of the design pattern. Defendant's employee, Angelo Lin, testified that he has been a gemologist for about 30 years and that it is common for metals to wear and tear. He further testified that no

one would have been able to replicate the original color of the Plaintiff's ring. Finally, Defendant testified that, in his opinion, the ring in its present condition is probably worth $700.00.

## DISCUSSION

First, Defendant asserted that the Plaintiff's claims in the matter were not allowed by virtue of the waiver of any warranty or guaranty on repairs and the limitation of liability to $100.00 which were ostensibly acknowledged by the Plaintiff by her signature. However, such waivers and limitations are precluded by law. *See* 5 GCA §32104(a) ("Any waiver by a consumer of the provisions of this chapter, any warranty, or the provisions of any statute imposing a duty or obligation upon another, is contrary to public policy and is unenforceable and void"). Thus, the Court finds the waiver and limitation on damages to be void and unenforceable.

Turning to the merits of the case, the Court observes that the gravamen of Plaintiff's claim against the Defendant sounds in negligence. The law is well settled that to succeed in a negligence action a plaintiff must prove: (1) "A duty, or obligation, recognized by law, requiring the person to conform to a certain standard of conduct, for the protection of others against unreasonable risks of harm"; (2) "A breach of that duty, or failure to conform to the required standard"; (3) "Proximate cause (a close and causal connection, also known as 'legal cause')"; and (4) "Actual loss or damage resulting to the interests of another." *Fenwick v. Watabe Guam, Inc.*, 2009 Guam 1 ¶12 (citing *Merchant v. Nanyo Realty, Inc.* 1998 Guam 26 ¶ 14 (quoting Keeton, et al., Prosser and Keeton on the Law of Torts 5 30 at 165-65 (5th ed. 1984)).

Defendant is a jewelry store which also provides other services including the cleaning and repair of jewelry. Plaintiff deposited her wedding ring of thirty years for the repair of one of the prongs which held a stone in place as well as to be cleaned and polished. The Plaintiff produced an admission on the part of the Defendant's employees that tends to indicate the goldsmith failed to exercise reasonable care and caution in polishing the ring and that the

employee's breach of this duty of care resulted in the loss of the distinctive markings on the ring. The Court is satisfied that the first three elements of negligence have been established.

The issue of damages is the most contentious aspect of this suit. Plaintiff alleged that the market value of her ring was $4,000; however, she did not produce any other evidence or testimony to support that valuation. Defendant, on the other hand, claims that the ring is only worth about $700.00. The Court acknowledges that the Plaintiff justifiably places a great deal of sentimental value to the wedding ring. Courts often allow plaintiffs to recover damages for heirlooms, with damages typically accounting for the personal value to the plaintiff rather than just the market price. *See Rahmani v. Park*, 2011 Guam 7 ¶46 (citations omitted). Given the obvious sentiment attached to the wedding ring representing thirty years of marriage, and taking into account the testimony of the Plaintiff that she purchased the ring for $3,000.00 and considering the Defendant's own valuation of the ring at $700.00 the Court believes it can assess damages on the basis of either: (1) the diminution in value of the ring which would be $2,300.00 ($3,000.00 - $700.00); or the value to the Plaintiff of $4,000.00 as she had testified.

Because the Court is uncertain of the market value of the ring when it was purchased and the significant disparity of the present value assigned to it by the Defendant, the Court deems it more just and equitable that damages be assessed in reasonable consideration of and sympathy with the feelings of the owner. The Court believes that the amount of $4,000.00, the value Plaintiff ascribes to the ring, should be the starting point. If Plaintiff never got the ring back then the Court would have no problem finding damages in that amount. However, Plaintiff now possesses a ring which the Defendant, an experienced gemologist, appraised at $700.00 in its present condition. The Court therefore finds that Plaintiff has suffered actual damages of and is entitled to recover the amount of $3,300.00 as well as a refund of the $119.00 that was paid to the Defendant.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant is liable to the Plaintiff and that judgment should be entered for Plaintiff and against the Defendant in the amount of $3,419.00 and costs. Neither side is entitled to recover from the other attorneys' fees.

Dated this _____ day of ___JUN 2 0 2014___, 20_____.

_____
Honorable Alberto E. Tolentino,
MAGISTRATE JUDGE,
SUPERIOR COURT OF GUAM

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

_____

_____

Date:_____Time:_____

Deputy Clerk, Superior Court of Guam